1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE, WASHINGTON

| | |
|---|---|
| M. LEONARD SIMPSON, on behalf of himself and a class of those similarly situated, | ) ) ) | Case No.: |
| Plaintiff, | ) ) | **COLLECTIVE ACTION AND CLASS ACTION COMPLAINT FOR** |
| v. | ) ) ) | **VIOLATIONS OF FAIR LABOR STANDARDS ACT AND THE LAWS OF** |
| INTER-CON SECURITY SYSTEMS INC., | ) ) ) | **WASHINGTONAND JURY DEMAND** |
| Defendant. | ) ) | |

Plaintiff, M. Leonard Simpson, by way of complaint against Defendant, Inter-Con Security Systems Inc., alleges as follows:

## I.      INTRODUCTION

1.      Plaintiff brings this class and representative action against Defendant Inter-Con Security Systems, Inc. d/b/a Inter-Con Security Services, Inc. (hereafter "Inter-Con" or "Defendant") for violations of the Fair Labor Standards Act (hereafter "FLSA"), 29 U.S.C. § 216(b), and the wage and hour laws of the State of Washington.

2.      Defendant's scheme involves, *inter alia*, maintaining an unlawful policy and practice of not compensating its security officer employees for work performed before the start

**BADGLEY ~ MULLINS**
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

of the employees' scheduled shifts, for work hours spent at orientation sessions, and missed meal periods and breaks.

3.      Through his class-wide claims, Plaintiff seeks compensation for all uncompensated work; all penalties, liquidated damages, and other damages permitted by law; restitution and/or disgorgement of all benefits obtained by Defendant from its unlawful business practices; injunctive and declaratory relief; all other forms of equitable relief permitted by law; and reasonable attorneys' fees and costs.

## II.      PARTIES

4.      Plaintiff Leonard Simpson is an individual residing in Seattle, Washington.  At all relevant times Mr. Simpson was a security officer employee of Inter-Con Security Systems Inc. at the Bill and Melinda Gates Foundation campus in Seattle, Washington.

5.      Defendant Inter-Con Security Systems, Inc. is a corporation duly registered under the laws of the State of California with headquarters at 210 South De Lacey Avenue, Pasadena, CA 91105.

6.      Defendant does business in the state of Washington, has offices located in the State of Washington, and is also registered as a corporation under the laws of the state of Washington.  Defendant has obtained the benefits of the laws of the State of Washington and the services and labor of Washington residents.

## III.      JURISDICTION AND VENUE

7.      The Court has jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. § 201 *et seq.*  In addition, the Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367 because they form part of the same case or controversy as the aforementioned claims.

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 2
Case No.:

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

8.    The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9.    Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and (c) because Defendant has qualified with the Washington Secretary of State to do business and is doing business in Washington and this District, and a substantial part of the events giving rise to the claims occurred in this District.

## IV.    COMMON FACTUAL ALLEGATIONS

### Plaintiff and Class Members' Employment with Inter-Con

10.    At the time Plaintiff and the class members accepted employment with Inter-Con, they were hired to work at a fixed hourly wage rate.

11.    Inter-Con informed Plaintiff and the class members of its policies and procedures by distributing written materials such as handbooks and through oral communication.

### Inter-Con Required "Off-the-Clock" Security Briefings

12.    Inter-Con maintains a policy and practice of requiring or permitting its security officer employees, including Plaintiff and all class members, to report to work at least approximately 15 minutes before the scheduled start of their shifts and at least approximately 15 minutes after the scheduled end of their shifts in order to attend pre- and post-shift security briefings. This policy and practice, known as "pass down," is reflected in Inter-Con's employee handbook(s).

13.    Inter-Con managers and supervisors enforce the pass down policy by instructing security officer employees to arrive at their work sites in their full uniform at least approximately 15 minutes in advance or their scheduled shifts and to remain at their work sites at least approximately 15 minutes after their scheduled shifts. Inter-Con managers and

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 3
Case No.:

**BADGLEY ~ MULLINS**
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

supervisors further enforce the policy by reprimanding and/or disciplining security officer employees who do not arrive at their work sites at least approximately 15 minutes in advance of their scheduled shifts and remain at their work sites at least approximately 15 minutes after their scheduled shifts. Inter-Con causes and/or permits its security officer employees to work during these pre- and post-shift periods.

14.     Plaintiff's and class members' principal activity during the pre-shift periods is to prepare for their shift by listening to their co-workers describe current security conditions. Their principal activity during the post-shift periods is to describe current security conditions to their co-workers to help prepare them for their shift. These security briefings are an integral part of the security officers' job because the briefings enable them to identify and prepare for the day's security conditions.

15.     Plaintiff and the class members consistently work or worked at least approximately 15 minutes before their scheduled shifts. On a less frequent basis, they work or worked at least approximately 15 minutes after their scheduled shifts.   On information and belief, all Inter-Con security officer employees are caused or permitted by Defendant to work at least approximately 15 minutes before and 15 minutes after their scheduled shifts.

16.     Inter-Con does not compensate Plaintiff or the class members for the work they perform during these pre- and post-shift security briefings. Nor does the time spent by Plaintiff and the class members performing work during these pre- and post-shift security briefings appear on their pay statements.

17.     Plaintiff worked two twelve-hour shifts and two eight-hour shifts per week for Inter-Con. Due to Inter-Con's policy and practice of requiring or permitting Plaintiff to attend 15-minute security briefings before and sometimes after each shift, Plaintiff worked hours in

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 4
Case No.:

**BADGLEY ~ MULLINS**
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

excess of forty (40) hours per week and in excess of eight (8) hours per day. Plaintiff did not receive overtime compensation for this work, as required by applicable law.

### Inter-Con Failed to Compensate for Orientation Training Time

18.     Defendant requires and required Plaintiff and class members as a prerequisite of their employment to attend orientation training sessions.

19.     These orientation sessions are approximately eight hours in length, and are designed to provide security officers with information, skills, and knowledge that are necessary and specific to employment at Inter-Con.

20.     The orientation sessions are for the benefit of Inter-Con, and are intended to instruct and train security officers regarding their responsibilities and duties and Inter-Con's policies and practices.

21.     Inter-Con does not compensate Plaintiff or the class members for the time worked at mandatory orientation sessions.

22.     Plaintiff attended an orientation session in 2008. Plaintiff did not receive overtime compensation for this work, as required by applicable law.

### Inter-Con Failed to Compensate for Missed Breaks and Meal Periods

23.     Inter-Con requires and required Plaintiff and class members to cover their post or work site unless relieved by another employee.

24.     When there is no other employee to cover a post or work site, Inter-Con causes or permits Plaintiff and class members to interrupt or work through break and meal periods.

25.     This benefits Inter-Con because it allows seamless coverage of all posts.

26.     Inter-Con does not compensate Plaintiff or the class members for the time worked during breaks and meal periods.

**BADGLEY ~ MULLINS**
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

27.     On a regular basis, and more frequently during his Saturday and Sunday shifts, Plaintiff worked through breaks and meal periods due to Inter-Con's failure to relieve him. Plaintiff did not receive overtime compensation for this work, as required by applicable law.

## V.     COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiff brings the First Cause of Action for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Inter-Con as security officers throughout the United States, at any time within the applicable statute of limitations period, who have not been compensated for all hours worked during pre- and post-shift security briefings, for all hours worked during Inter-Con's orientation training sessions, and/or for missed breaks and meal periods, and who have not been compensated at one and one-half times the regular rate of pay for all work performed during pre- and post-shift security briefings, in orientation training sessions, and/or missed breaks and meal periods that is in excess of forty (40) hours per work week (hereinafter "FLSA Collective Action Plaintiffs").

29.     The First Cause of Action for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), as prospective members of the FLSA Collective Action are similarly situated to Plaintiff and have claims that are similar to Plaintiff's First Cause of Action.

30.     Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

a.   Whether Inter-Con unlawfully failed and continues to fail to compensate FLSA Collective Action Plaintiffs for hours worked during pre- and post-shift security briefings in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

**BADGLEY ~ MULLINS**
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

b.   Whether Inter-Con unlawfully failed and continues to fail to compensate FLSA Collective Action Plaintiffs for hours worked during Inter-Con orientation training sessions in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

c.   Whether Inter-Con unlawfully failed and continues to fail to compensate FLSA Collective Action Plaintiffs for hours worked during breaks and meal periods in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

d.   Whether Inter-Con unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

e.   Whether Inter-Con's failure to pay overtime to the FLSA Collective Action Plaintiffs was willful within the meaning of the FLSA;

f.   Whether Inter-Con failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Action Plaintiffs;

g.   Whether Inter-Con failed and continues to fail to record or report all actual time worked by the FLSA Collective Action Plaintiffs; and

h.   Whether Inter-Con failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Action Plaintiffs.

31.   Plaintiff and the FLSA Collective Action Plaintiffs are similarly situated and are subject to Inter-Con's common practice, policy, or plan of refusing to compensate all hours worked, refusing to pay overtime in violation of the FLSA, and failing to maintain records in violation of the FLSA.

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

32.    The names and addresses of the FLSA Collective Action Plaintiffs are available from Defendant, and notice should be provided to the FLSA Collective Action Plaintiffs both by first class mail to their last known address and by workplace posting as soon as possible.

## VI.    WASHINGTON CLASS ACTION ALLEGATIONS

33.    The Washington Named Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action for violation of Washington's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23 (a), (b)(2), and (b)(3), on behalf of himself and the following Plaintiff Class (the "Washington Class"):

> All current and former non-exempt hourly security officer employees of Inter-Con Security Services, Inc. within the State of Washington at any time between July 20, 2008 and the present (the "Washington Class Period") who (1) were forced to work off the clock; (2) were forced to attend orientation sessions; (3) were forced to work during breaks and meal periods; and (4) have not received all compensation and associated penalties due as a result thereof.

The Washington Named Plaintiff is a member of the Washington Class.

34.    The Washington Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that at least forty-eight (48) persons have been employed by Defendant as security officers within the State of Washington during the Washington Class Period. Although the exact number and identities of class members are unknown to Plaintiff at this time, this information is readily ascertainable from Defendant through discovery of its payroll and personnel records.

**BADGLEY ~ MULLINS**
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

35.     Common questions of law and fact predominate over any questions affecting individual class members. Questions of law and fact common to members of the Washington Class as a whole include, but are not limited to, the following:

a.   Whether Inter-Con maintains a policy and practice of causing and/or permitting the Washington Class to participate in pre- and post-shift security briefings;

b.   Whether Inter-Con unlawfully failed to compensate the Washington Class for hours worked during pre- and post-shift security briefings;

c.   Whether Inter-Con maintains a policy and practice of causing and/or permitting the Washington Class to participate in orientation training sessions;

d.   Whether Inter-Con failed to compensate the Washington Class for hours worked during orientation training sessions;

e.   Whether Inter-Con maintains a policy and practice of causing and/or permitting the Washington Class to work during or through breaks and meal periods;

f.   Whether Inter-Con failed to compensate the Washington Class for hours worked during breaks and meal periods;

g.   Whether Inter-Con failed to pay the Washington Class their full wages when due as required by the Revised Code of Washington  49.48.010;

h.   Whether Inter-Con failed to pay the Washington Class overtime compensation in violation of the Revised Code of Washington and related regulations, RCW 49.46.130;

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 9
Case No.:

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

i. Whether Inter-Con unlawfully failed to keep and furnish the Washington Class with records of hours worked, in violation of RCW 49.46.040, .070; WAC 296-128-010, -020;

j. Whether Inter-Con's policy and practice of failing to pay its employees all wages due within the time required by law violates Washington law;

k. Whether Defendant's conduct violated the Washington Consumer Protection Act, RCW 19.86.010 *et seq.*, as alleged in this Complaint.

36. The Washington Named Plaintiff will fairly and adequately represent and protect the interests of the Washington Class. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

37. The Washington Named Plaintiff's claims are typical of the Washington Class members' claims. The Washington Named Plaintiff, like other Washington Class members, was subjected to Defendant's policies and practices of refusing to compensate security officers for time spent in pre- and post-shift security briefings in violation of Washington law, refusing to compensate security officers for time spent in orientation training sessions, and refusing to compensate security officers for time spent working during breaks and meal periods. The Washington Named Plaintiff's job duties are typical of those of other Washington Class members.

38. Class certification of the Second, Third, Fourth, Fifth, and Sixth Causes of Action is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Washington Class, making appropriate declaratory and injunctive relief with respect to the Washington Named Plaintiff and the Washington Class as a whole. The Washington Named Plaintiff and the Washington Class are

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

entitled to injunctive relief to end Defendant's common and uniform policy and practice of failing to properly compensate its employees for all work, including overtime work, performed for the benefit of Defendant, failing properly to compensate security officers for time spent in orientation training sessions, and failing to properly compensate security officers for time spent working during breaks and meal periods.

39.     Class certification of the Second, Third, Fourth, Fifth, and Sixth Causes of Action is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Washington Class predominate over any questions affecting only individual members of the Washington Class, and because the class action device is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully deny the Washington Named Plaintiff and the Washington Class members their earned wages, including overtime wages. The damages suffered by individual class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## VII.   FIRST CAUSE OF ACTION

### (Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Brought by Plaintiff on Behalf of Himself and all FLSA Collective Action Plaintiffs)

40.     Plaintiff, on behalf of himself and all FLSA Collective Action Plaintiffs, realleges and incorporates by reference the allegations in paragraphs 1 through 30 as if they were set forth again herein.

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 11
Case No.:

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

41.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiff and each of the prospective FLSA Collective Action Plaintiffs, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Plaintiff and each of the prospective FLSA Collective Action Plaintiffs were or are non-exempt employees.

42.     Plaintiff in this action has signed a Consent to Join form pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. Other individuals will sign consent forms and join as plaintiffs on this claim in the future.

43.     The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

44.     Plaintiff and all FLSA Collective Action Plaintiffs are entitled to compensation for all hours worked.

45.     Plaintiff and all FLSA Collective Action Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

46.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiffs and the FLSA Collective Action Plaintiffs for work performed during regular pre- and post-shift security briefings.

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 12
Case No.:

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

47.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Collective Action Plaintiffs for their hours worked in excess of 40 hours per week for work performed during regular pre- and post-shift security briefings.

48.     At all relevant times, Defendant has engaged, and continues to engage, in a willful policy, pattern, or practice of requiring or permitting its non-exempt hourly employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, to perform work during pre- and post-shift security briefings without compensating such employees for all work performed.

49.     At all relevant times, the work performed during pre- and post-shift security briefings by Defendant's non-exempt hourly employees, including Plaintiff and the FLSA Collective Action Plaintiffs, was and continues to be required or permitted by Defendant, for the benefit of Defendant, and is directly related to such employees' principal employment with Defendant, and is an integral and indispensable part of such employees' employment with Defendant.

50.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiff and the FLSA Collective Action Plaintiffs for work performed during orientation training sessions.

51.     At all relevant times, Plaintiff and the FLSA Collective Action Plaintiffs were "employees" within the meaning of the FLSA for purposes of these orientation training sessions because their attendance at the orientation training sessions was and is required or permitted by Defendant, for the immediate benefit of Defendant, and is directly related to and specific to the employees' employment with Defendant and not akin to vocational training.

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

52.     At all relevant times, Defendant has engaged, and continues to engage, in a willful policy, pattern, or practice of requiring or permitting its non-exempt hourly employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, to perform work during the orientation training sessions without compensating such employees for all work performed.

53.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiff and the FLSA Collective Action Plaintiffs for work performed during breaks and meal periods.

54.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Collective Action Plaintiffs for their hours worked in excess of 40 hours per week for work performed during breaks and meal periods.

55.     At all relevant times, Defendant has engaged, and continues to engage, in a willful policy, pattern, or practice of requiring or permitting its non-exempt hourly employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, to perform work during breaks and meal periods without compensating such employees for all work performed.

56.     At all relevant times, the work performed during breaks and meal periods by Defendant's non-exempt hourly employees, including Plaintiff and the FLSA Collective Action Plaintiffs, was and continues to be required or permitted by Defendant, for the benefit of Defendant, and is directly related to such employees' principal employment with Defendant, and is an integral and indispensable part of such employees' employment with Defendant.

57.     Defendant violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a), by failing to pay FLSA Collective Action Plaintiffs for all hours actually worked and by failing to pay FLSA Collective Action Plaintiffs

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

at least one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

58.    The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the prospective FLSA Collective Action Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a). These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

59.    As a result of Defendant's violations of law, FLSA Collective Action Plaintiffs are entitled to recover from Defendant the amount of their unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

## VIII.   <u>SECOND CAUSE OF ACTION</u>

### (<u>Breach of Contract, Brought by the Washington Named Plaintiff on Behalf of Himself and the Washington Class</u>)

60.    The Washington Named Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if they were set forth again herein.

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 15
Case No.:

**BADGLEY ~ MULLINS**
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

61.    At the time Plaintiff and the Washington Class accepted employment with Inter-Con, they were hired to work at a fixed hourly wage rate. Plaintiff and the Washington Class were expressly told the rate they would earn for each hour worked.

62.    The employment contracts between Plaintiff and the Washington Class and Inter-Con arises from Inter-Con's express policies and the parties' express agreements.

63.    All hours worked by Plaintiff and the Washington Class were at the direction or permission of Inter-Con.

64.    Inter-Con breached its contracts with Plaintiff and the Washington Class by not paying for all hours worked, by failing to pay the fixed hourly wage rate, and by failing to pay wages according to Washington law.

65.    As a direct and proximate result of Defendant's unlawful conduct the Washington Named Plaintiff and the Washington Class members have sustained damages, including loss of earnings for hours worked and for overtime hours worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### IX.    THIRD CAUSE OF ACTION

**(Washington Minimum Wage Act, RCW 49.46 *et seq*., Brought by the Washington Named Plaintiff on Behalf of Himself and the Washington Class)**

66.    The Washington Named Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if they were set forth again herein.

67.    The Washington Minimum Wage Act, in particular RCW 49.46.090 and 49.46.130, requires Defendant to pay at least the legal minimum wage for all hours actually

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 16
Case No.:

**Badgley ~ Mullins**
Law Group
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

worked and to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) per week.

68.     The Washington Named Plaintiff and the Washington Class members are nonexempt employees entitled to be paid proper compensation for all hours worked, including overtime hours worked.

69.     Throughout the Washington Class Period, Defendant did not compensate the Washington Named Plaintiff or the California Class members for time worked during pre- and post-shift security briefings, during orientation training sessions, and during missed breaks and meal periods.

70.     Throughout the Washington Class Period, Defendant has refused to pay the Washington Named Plaintiff and the Washington Class members proper compensation, including overtime premium pay, for their hours worked during pre-shift security briefings.

71.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Washington Named Plaintiff and the Washington Class members have sustained damages, including loss of earnings for hours worked and for overtime hours worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## X.     FOURTH CAUSE OF ACTION

### (Failure to Pay Full Wages When Due Under RCW 49.46.090 and .130, 49.48.010, and 48.52.050, Brought by the Washington Named Plaintiff on Behalf of Himself and the Washington Class)

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

72.     The Washington Named Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if they were set forth again herein.

73.     By failing to compensate the Washington Named Plaintiff and the Washington Class members for time worked during pre-shift security briefings, during orientation training sessions, and during breaks and meal periods, Defendant has and continues to violate Washington law, which requires employers, including Defendant, to pay their employees their full wages when due.

74.     Plaintiff Simpson and many Washington Class members are no longer working for Defendant. By failing to compensate class members as required by Washington law at any time during the Washington Class Period, Defendant also has willfully failed to make timely payment of the full wages due to its employees who quit or have been discharged, and thereby has violated RCW 49.48.010.

75.     Pursuant to RCW 49.46.090, 49.48.030, and 49.52.070, the Washington Named Plaintiff and the Washington Class members are entitled to recover from Defendant all unpaid wages to which they are entitled, double damages, plus pre- and post-judgment interest thereon and reasonable attorneys' fees and costs incurred in prosecuting this action.

## XI.     FIFTH CAUSE OF ACTION

## (Washington Record-Keeping Provisions, RCW 49.46.070 and 49.52.050, Brought by the Washington Named Plaintiff on Behalf of Himself and the Washington Class)

76.     The Washington Named Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if they were set forth again herein.

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

77.   Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to the Washington Named Plaintiff and the Washington Class members as required by RCW 49.46.070 and 49.52.050. Such failure caused injury to the Washington Named Plaintiff and the Washington Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendant has failed to maintain records of hours worked by the Washington Named Plaintiff and the Washington Class members as required under RCW 49.46.070 and 49.52.050.

78.   The Washington Named Plaintiff and the Washington Class members are entitled to and seek injunctive relief requiring Defendant to comply with Washington statute, and further seek all actual and statutory damages available for these violations.

### XII.   SIXTH CAUSE OF ACTION

### (Washington Consumer Protection Act Violation, RCW 19.86.010 *et seq.*, Brought by the Washington Named Plaintiff on Behalf of Himself and the Washington Class)

79.   The Washington Named Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if they were set forth again herein.

80.   The conduct of Defendant, as alleged herein, violates the Washington Consumer Protection Act ("CPA") RCW 19.86.010 *et seq*.

81.   The Washington Named Plaintiff alleges that the unfair and unlawful business practices complained of herein are and were the regular business practice of Defendant.

82.   Through Defendant's failures to pay legally required wages, to provide itemized statements of hours worked with payments of wages, to pay wages when due, and other conduct

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

alleged herein, Defendant has violated numerous specific provisions of state and federal law and has engaged in, and continues to engage in, unlawful and unfair business practices in violation of the CPA, depriving the Washington Named Plaintiff and all Washington Class members of rights, benefits, and privileges guaranteed to all employees under law, and has caused the Washington Named Plaintiff and all Washington Class members to suffer injury in fact and to lose money and/or property.

83.     Plaintiff is informed and believes, and based upon such information and belief alleges that by engaging in the unfair and unlawful business practices complained of herein, Defendant was able to lower its labor costs and thereby to obtain a competitive advantage over law-abiding employers with which it competes.

84.     The harm to the Washington Named Plaintiff and the Washington Class members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the CPA.

85.     RCW 19.86.090 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for Defendant to continue to retain the property of the Washington Named Plaintiff and the Washington Class members, entitling the Washington Named Plaintiffs and the Washington Class members to restitution of the unfair benefits obtained and disgorgement of Defendant's ill-gotten gains. The Washington Named Plaintiff seeks restitution of all unpaid wages owing to him and to members of the Washington Class, according to proof, as well as all other available equitable relief.

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 20
Case No.:

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

86.     Injunctive relief pursuant to RCW 19.86.095 is necessary to prevent Defendant from continuing to engage in unfair business practices as alleged in this Complaint. Defendant and/or persons acting in concert with Defendant has done, is now doing, and will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. The Washington Named Plaintiff has no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate the Washington Named Plaintiff for Defendants' wrongful acts; and (b) in any event, pecuniary compensation alone would not afford adequate and complete relief. The continuing violation of law by Defendant will cause great and irreparable damage to the Washington Named Plaintiff and others similarly situated unless Defendant is immediately restrained from committing further illegal acts.

87.     The Washington Named Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action. Therefore the Washington Named Plaintiff, on behalf of himself and the Washington Class members, seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the CPA and RCW 19.86.090.

## XIII.   SEVENTH CAUSE OF ACTION

### (Failure to Pay All Final Wages as Required Under RCW 49.48.010)

88.     The preceding paragraphs are realleged and incorporated by reference as though fully set forth herein.

89.     RCW 49.48.010 requires an employer to pay all wages owed to an employee ceasing work at the end of the established pay period.

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

90.     Following Mr. Simpson's ceasing of work through termination, Inter-Con failed to pay Mr. Simpson all wages owed by the end of the established pay period.

91.     By failing to timely pay Mr. Simpson wages owed, Inter-Con violated RCW 49.48.010.

92.     As a direct and proximate result of Inter-Con's unlawful conduct, Mr. Simpson has suffered and continues to suffer economic damages in an amount to be proven at trial.

## XIV.   EIGHT  CAUSE OF ACTION

### (Unauthorized Deduction of Employee's Wages Under RCW 49.52.060)

93.     The preceding paragraphs are realleged and incorporated by reference as though fully set forth herein.

94.     Inter-Con has deducted certain amounts from Mr. Simpson's wages.

95.     The aforementioned deductions were not authorized by Mr. Simpson in writing in advance of the deductions.

96.     The deductions were incurred for the financial benefit of Inter-Con.   The aforementioned deductions were made in violation of RCW 49.52.060.

97.     As a direct and proximate result of Inter-Con's unlawful conduct, Mr. Simpson has suffered and continues to suffer economic damages in an amount to be proven at trial.

98.     By acting willfully and with intent to deprive Mr. Simpson of his wages under RCW 49.48.010 and RCW 49.52.060, Inter-Con has violated RCW 49.52.050.

99.     As a direct and proximate result of Inter-Con's unlawful conduct, Mr. Simpson is entitled to recover exemplary (double) damages, costs of suit and reasonable attorney's fees pursuant to RCW 49.52.070.

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

## XV.   JURY DEMAND

100.    Plaintiff hereby requests a jury of 12 persons to determine all issues of fact raised herein.

## XVI.   PRAYER FOR RELIEF

Plaintiff on behalf of himself and all FLSA Collective Action Plaintiffs, requests the following relief:

1. Designation of this action as a collective action on behalf of the FLSA Collective Action Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. §216(b), and tolling of the statute of limitations on the claims of all members of the FLSA Opt-In Class from the date the original complaint was filed until the class members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

2. Designation of Plaintiff as representative of the FLSA Collective Action Plaintiffs;

3. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, 29 U.S.C. §201 et seq.;

4. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

5. An award of damages, including unpaid wages and overtime compensation and an additional equal amount as liquidated damages, to be paid by Defendant;

6. Costs of action incurred herein, including reasonable attorneys' fees under, inter alia, 29 U.S.C. §216(b), litigation expenses and court costs;

7. Pre-Judgment and post-Judgment interest, as provided by law; and

8. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Plaintiff on behalf of himself and all members of the Washington Class, additionally requests the following relief:

9. Certification of this action as a class action on behalf of the proposed Plaintiff Class;

10. Designation of the Washington Named Plaintiff as Representative of the Washington Class;

11. Designation of Plaintiffs' counsel as Counsel for the Class;

12. A declaratory judgment that the policies and practices complained of herein are unlawful under the laws of Washington;

13. Appropriate equitable and injunctive relief to remedy Defendant's violations of the laws of Washington, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful policies and practices;

14. An award of damages, statutory penalties, and restitution to be paid by Defendant according to proof;

15. Pre-Judgment and Post-Judgment interest, as provided by law;

16. Such other injunctive and equitable relief as the Court may deem just and proper; and

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 24
Case No.:

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

17. Attorneys' fees and costs of suit, including expert fees and fees pursuant to RCW 49.48.030, 49.46.090, 49.52.070, and 19.86.090, and other applicable laws.

18. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

DATED this 6th day of November, 2012.

BADGLEY MULLINS LAW GROUP PLLC

s/ Donald H. Mullins
Donald H. Mullins, WSBA No. 4966
Mark K. Davis, WSBA No. 38713
BADGLEY~MULLINS LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington, 98104
Telephone:  (206) 621-6566
Facsimile:  (206) 621-9686
Email:  donmullins@badgleymullins.com
          mdavis@badgleymullins.com

PLAINTIFF'S COMPLAINT AND JURY
DEMAND - 25
Case No.:

BADGLEY ~ MULLINS
LAW GROUP
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686