HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M. LEONARD SIMPSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTER-CON SECURITY SYSTEMS, INC., <br><br> Defendant. | CASE NO. C12-1955RAJ <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on the motion of Defendant Inter-Con Security Systems, Inc. ("Inter-Con") to compel arbitration of Plaintiffs' claims. Although both parties requested oral argument, the court finds oral argument unnecessary. For the reasons stated below, the court GRANTS the motion (Dkt. # 12) in part and DENIES it in part. This order concludes with instructions for supplemental briefing to permit the court to decide whether an arbitrator must decide Plaintiffs' claims.

## II. BACKGROUND

From 2008 to 2010, Plaintiffs M. Leonard Simpson and Tural Alisker worked as security guards for Inter-Con. Inter-Con contracts with other entities to provide security services. Both Mr. Simpson and Mr. Alisker worked at the Seattle campus of the Bill and

ORDER – 1

Melinda Gates Foundation.  Bob Laughlin was the manager of Inter-Con's Gates Foundation team at all relevant times.

Plaintiffs contend that Inter-Con is liable for various violations of federal and state wage-and-hour laws.  They assert, for example, that Inter-Con required them to participate in 15-minute pre- and post-shift security briefings without pay.  They assert that they were required to work through meal and rest breaks.  They assert that they are entitled to overtime.

Putting aside a few wage claims that they bring solely on their own behalf, Plaintiffs hope to pursue their claims on behalf of two groups of similarly situated Inter-Con employees.  With respect to their federal claims, which invoke the Fair Labor Standards Act ("FLSA"), they hope to serve as representatives in a collective action on behalf of Inter-Con security guards nationwide.  With respect to their Washington-law claims, they hope to serve as representatives of a class action on behalf of Inter-Con's Washington security guards.

Trying to cut Plaintiffs off at the pass, Inter-Con filed this motion to compel arbitration.  It contends that both Plaintiffs signed an arbitration agreement covering all of their claims in this suit.  Because that arbitration agreement precludes class actions, collective actions, and class arbitration, Inter-Con further contends that Plaintiffs have no right to pursue claims on behalf of other Inter-Con guards.

The court first considers whether the arbitration agreement that Inter-Con invokes covers Plaintiffs' claims and whether they can avoid that agreement by relying on Washington unconscionability law.  The court then considers a threshold issue – whether Inter-Con has established that both Plaintiffs actually entered the arbitration agreements at issue.

ORDER – 2

## III. ANALYSIS

**A. The Arbitration Agreement Covers Plaintiffs' Claims and Is Not Procedurally Unconscionable.**

The Federal Arbitration Act ("FAA") creates a strong presumption in favor of the enforcement of an agreement to arbitrate. *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir. 1998). When a valid arbitration agreement covers a dispute a party raises in a lawsuit, the court must order arbitration and stay the litigation pending the arbitration's outcome. 9 U.S.C. § 3. The court must first determine whether the disputes before it are within the scope of the arbitration agreement. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Resolving these arguments requires the court to apply "federal substantive law of arbitrability." *Id.* (citation omitted). That law respects the "liberal federal policy favoring arbitration agreements" embodied in the FAA. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). That law requires the court to resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration," including any doubts about contract interpretation. *Id.* at 24-25.

Here, there is no dispute that the arbitration agreement, assuming Plaintiffs actually agreed to it, covers all of Plaintiffs' claims. The agreement expressly covers "claims for wages or other compensation due[,] claims for breaks and rest periods[,]" and "claims for breach of any contract . . . ." Laughlin Decl., Ex. A (Arb. Agr. at 1).

Once a court establishes that a claim is within the scope of an arbitration agreement, the agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. State law may supply grounds for declaring a contract unenforceable, including state unconscionability law. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996).

ORDER – 3

Plaintiffs contend that the Inter-Con arbitration agreement is procedurally unconscionable under Washington law.[1] That contention falls within the scope of § 2 of the FAA. *See*, *e.g.*, *Kilgore v. Keybank, N.A.*, Nos. 09-16703, 10-15934, 2013 U.S. App. LEXIS 7312, at *12-14 (9th Cir. Apr. 11, 2013) (en banc). In Washington, an agreement is procedurally unconscionable if, considering the circumstances in which the parties made the agreement, one party lacked "a meaningful choice" to enter the agreement. *Adler v. Fred Lind Manor*, 103 P.3d 773, 781 (Wash. 2004).[2] Whether a contract is unconscionable is a question of law for the court. *Id.* at 781. "The party opposing arbitration bears the burden of showing that the agreement is not enforceable." *Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 759 (Wash. 2004).

The evidentiary support for Plaintiffs' claim of procedural unconscionability comes from their declarations. They assert that they had no power to negotiate the terms of the Inter-Con arbitration agreement. They assert that Inter-Con neither explained the agreement nor gave them adequate time to review it. They assert that Inter-Con required them to either sign the agreement or forego employment.

---

[1] Plaintiffs do not contend that the agreement is substantively unconscionable. *See Adler v. Fred Lind Manor*, 103 P.3d 773, 781 (Wash. 2004) ("In Washington, we have recognized two categories of unconscionability, substantive and procedural."). Plaintiffs apparently interpret *Coneff v. AT&T Corp.*, 673 F.3d 1155 (9th Cir. 2012) to preempt all applications of Washington's substantive unconscionability doctrine to arbitration agreements. Pltfs.' Opp'n (Dkt. # 15) at 6. The court suggests no view on Plaintiffs' interpretation of *Coneff*, other than to observe that *Coneff* acknowledges that the Supreme Court has ruled that the FAA preempts state law to the extent it deems class action waivers (like the one in Inter-Con's arbitration agreement) substantively unconscionable. *Coneff*, 673 F.3d 1155, 1160 (9th Cir. 2012) (citing *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011)).

[2] As other courts have observed, no binding Washington authority addresses whether procedural unconscionability, standing alone, is a sufficient basis to declare a contract unenforceable. *See*, *e.g.*, *Coneff*, 673 F.3d at 1161 n.4. Washington's Supreme Court has made inconsistent pronouncements. *Compare Adler*, 103 P.3d at 782 "([W]e decline to consider whether [procedural unconscionability] alone will support a claim of unconscionability.") *with Gandee v. LDL Freedom Enters., Inc.*, 293 P.3d 1197, 1199 (Wash. 2013) (citing *Adler* for proposition that "either substantive *or* procedural unconscionability is sufficient to void a contract") (emphasis in original). For purposes of this order only, the court assumes Plaintiffs could avoid the arbitration agreement merely by showing it to be procedurally unconscionable.

ORDER – 4

Accepting each of Plaintiffs' assertions as true, the arbitration agreement is not procedurally unconscionable. In determining whether a party had a meaningful choice in entering a contract, a court considers whether the contract is a contract of adhesion, whether the parties had equal bargaining power, whether the party had a meaningful opportunity to read and understand it, and whether the contract hid critical clauses in a "maze of fine print." *Adler*, 103 P.3d at 782-84. A court must apply these factors flexibly, keeping its focus on "whether in fact a meaningful choice existed." *Id.* at 784 (citation omitted). The court accepts that the agreement was a contract of adhesion. Inter-Con does not dispute that Plaintiffs had no opportunity to negotiate its terms, and does not dispute that signing it was a mandatory condition of employment. But adhesion contracts and unequal bargaining power are the norm in employee arbitration agreements, and they are not by themselves sufficient to declare an agreement unconscionable. *Adler*, 103 P.3d at 783; *Zuver*, 103 P.3d at 760-61. An employee arguing that an arbitration agreement is procedurally unconscionable bears a threshold burden:

> At a minimum, an employee who asserts an arbitration agreement is unconscionable must show some evidence that the employer refused to respond to her questions or concerns, placed undue pressure on her to sign the agreement without providing her with a reasonable opportunity to consider its terms, and/or that the terms of the agreement were set forth in such a way that the average person could not understand them.

*Zuver*, 103 P.3d at 761. Plaintiffs do not meet their threshold burden. They do not contend that the agreement was buried in fine print or written in a manner beyond the comprehension of a layperson. They would be hard pressed to do so, as the agreement is a standalone document written in a standard-sized typeface. A layperson reading it would understand, at a minimum, that she was giving up her right to take Inter-Con to court over wage-and-hour claims. Although Plaintiffs contend they had little time to consider the agreement, they do not contend that they attempted to consider it, attempted to ask questions about it, or even that they would have asked questions if they had more time. The agreement is not procedurally unconscionable.

ORDER – 5

### B.   The Court Requires Supplemental Briefing to Determine Whether Plaintiffs Actually Entered the Arbitration Agreement.

Plaintiffs at least attempt to raise a dispute about whether either of them signed the Inter-Con arbitration agreement. Mr. Alisker does so, if at all, only indirectly. Inter-Con has produced a copy of the agreement bearing his signature. It has also produced a "Policy Acknowledgment" form bearing his signature. Laughlin Decl., Ex. B. The Policy Acknowledgment is a list of eleven Inter-Con "policies," one of which is the arbitration agreement. The Acknowledgment states that "[b]y my signature, I am acknowledging that I have received the Company policies as indicated below and that as a condition of employment; I will read and follow the guidelines in these policies as written." *Id.* On the Policy Acknowledgment that Mr. Alisker signed, eleven boxes corresponding to eleven "policies" bear handwritten checkmarks. Mr. Alisker does not contest that his signatures on the arbitration agreement and Policy Acknowledgement are genuine. He merely asserts that he "do[es] not recall signing any documents containing an arbitration agreement . . . ." Alisker Decl. ¶ 10.

For Mr. Simpson, by contrast, Inter-Con admits that it is unable to produce a signed arbitration agreement. Mr. Laughlin contends that Mr. Simpson's personnel file is missing. Laughlin Decl. ¶ 8. He is convinced that Mr. Simpson signed an arbitration agreement, however, because "it was [Inter-Con]'s practice to have each security officer employee working at the Gates Foundation sign the same arbitration agreement . . . ." *Id.* Despite the "missing" personnel file, Inter-Con has produced a Policy Acknowledgment bearing Mr. Simpson's signature. *Id.*, Ex. C. Mr. Simpson does not contest that the signature is genuine. Instead, just like Mr. Alisker, he asserts that he "do[es] not recall signing any documents containing an arbitration agreement . . . ." Simpson Decl. ¶ 11.

The parties do not acknowledge that the FAA treats questions about whether a party entered an arbitration agreement differently than other questions bearing on arbitrability. As noted in the previous section, the court must determine the scope of an

ORDER – 6

arbitration agreement by construing all ambiguities in favor of arbitration. And as also noted in the previous section, Washington law entrusts the court to determine procedural unconscionability as a matter of law, at least where no factual disputes are critical to that determination. But, as to the question of whether a party actually entered an arbitration agreement, the FAA takes a different tack:

> The court shall hear the parties, *and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue*, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

9 U.S.C. § 4 (emphasis added). The same provision provides, among other things, that the party contesting the existence of an arbitration agreement is entitled to a jury trial if she has already demanded one. *Id.*

No party mentions § 4 of the FAA, and no party offers argument or authority relevant to the standards or procedures a court should employ in deciding whether Plaintiffs entered the arbitration agreement. So far as the court is aware, the Ninth Circuit has not squarely addressed this issue. It has held that a court, not an arbitrator, must decide whether the parties entered a contract containing an arbitration clause. *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1142 (9th Cir. 1991); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (2006) (declining to disturb lower-court precedent requiring court, not arbitrator, "to decide whether the alleged obligor ever signed the contract"); *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2778 n.2 (2010) (same). The Ninth Circuit has not, so far as the court is aware, explained what standards apply when a court considers whether a party entered an agreement. In one case, the Seventh Circuit remanded after finding that the district court had not adequately addressed a factual dispute over the validity of a signature on an arbitration agreement. *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 502, 509-10 (7th Cir. 2003). The court concluded that handwriting samples were sufficient to "create an issue

ORDER – 7

of fact as to whether [the plaintiff] in fact had signed" the arbitration agreement in question. *Id.* at 510. Citing § 4 of the FAA, the court remanded the issue without deciding whether a jury or the court would resolve it. *Id.* at 510 & n.4 ("[T]he district court should have considered the similarities to determine whether a trial on the issue was necessary under Section 4."). Other circuits have also looked to whether there is a genuine issue of material fact as to whether a plaintiff signed the arbitration agreement. *E.g.*, *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992).

In light of this persuasive authority, the court holds that the resolution of factual questions as to whether a party entered an arbitration agreement is no different than the resolution of most factual questions. The court decides the question on summary judgment if there is no dispute of material fact, otherwise the court conducts a jury or bench trial. Here, no party has requested summary judgment. Nonetheless, the court is empowered to grant summary judgment on its own motion, provided it gives the parties notice and an opportunity to respond. Fed. R. Civ. P. 56(f)(3). The court accordingly gives notice to the parties as follows:

1) As to Mr. Alisker, the court reaches the preliminary conclusion that there is no genuine issue of material fact regarding his assent to enter the arbitration agreement. He does not contest that his signature is on the arbitration agreement Inter-Con produced. His mere assertion that he does not remember signing the agreement is insufficient to create a genuine issue of material fact. *See Blanford v. Sacramento County*, 406 F.3d 1110, 1113 n.3 (9th Cir. 2005) (noting that court considering summary judgment may accept defendant's version of plaintiff's conduct where plaintiff merely testifies that he does not remember a particular act).
2) As to Mr. Simpson, the court reaches the preliminary conclusion that there is a genuine dispute of fact regarding his assent to enter the arbitration agreement.

ORDER – 8

As Inter-Con admits, it cannot produce an arbitration agreement bearing his signature. The presence of the Policy Acknowledgment in which Mr. Simpson appears to acknowledge the arbitration agreement is insufficient. A reasonable jury could conclude that Mr. Simpson mistakenly checked the box on the form corresponding to the arbitration agreement, when in fact he never received the agreement. Even accepting that Inter-Con's ordinary practice was to present the arbitration agreement to all new employees, a reasonable jury could conclude that Inter-Con did not follow its ordinary practice with Mr. Simpson. The court must conduct a trial (or other fact-finding procedure, if the parties agree to one) to determine if Mr. Simpson signed the arbitration agreement.

No later than May 22, 2013, Plaintiffs (collectively) and Inter-Con may each submit a brief of ten pages or fewer citing authority, evidence, and argument articulating any disagreement with the preliminary rulings above. No later than May 30, 2013, they shall each submit a brief responding to the other party. The court will not accept reply briefs. The supplemental briefing shall address only Part III.B of this order.

## IV.  CONCLUSION

For the reasons previously stated, the court GRANTS Inter-Con's motion (Dkt. # 12) in part and DENIES it in part. The court grants the motion in that it concludes that the arbitration agreement is not procedurally unconscionable and that, assuming Plaintiffs signed it, it mandates arbitration of all of Plaintiffs' claims and precludes pursuing those claims on a classwide basis. The court denies the motion, pending supplemental briefing, to the extent it seeks a ruling that Plaintiffs actually signed the arbitration agreement.

DATED this 10th day of May, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 9